## ARBORWOOD AT SUMMERTREE, INC. v MALLOY
### Case No. 88-4256-CA
Sixth Judicial Circuit, Pasco County

May 2, 1989

### APPEARANCES OF COUNSEL

**Michael J. Brudny,** Becker, Poliakoff & Streitfeld, P.A., for plaintiff.
**Vincent J. Malloy,** pro se.

### OPINION OF THE COURT

LAWRENCE E. KEOUGH, Circuit Judge.

*FINAL JUDGMENT*

This matter having come before the Court at the trial held May 2, 1989, and the Court having heard the evidence and argument presented, and otherwise being advised, hereby FINDS that:

A. Plaintiff has a valid age restriction in its documents which prohibits children under the age of 18 from residing in any of the homes operated and managed by the Association for more than 30 days in any twelve-month period;

B. The age restriction continues to be enforceable, since the Association has complied with one of the exceptions to the 1988 Amendments to the Fair Housing Act, [42 U.S.C., Sections 3601 et. seq.], since more than 80% of the homes in the community that have had a change in occupancy since September 12, 1988 have one or more occupants in each home who are over the age of 55; the Association has adopted policies and procedures to insure the continued enforcement of the amendments to its documents which provide for at least one occupant in each home to be over the age of 55; the Association has significant facilities and services designed to meet the physical, social and recreational needs of persons over the age of 55; and the Association otherwise complies with the requirements of the Act;

C. Defendant Vincent Malloy has violated the age restriction by having continuously occupied one of the home in the community with his minor son, John Seyen Malloy, for the past several months; and

D. The Association is otherwise entitled to the equitable relief sought herein.

Based upon the foregoing findings, it is ORDERED AND ADJUDGED that:

1. The Association's request for injunctive relief is hereby granted, and Defendant, Vincent Malloy, is hereby ordered to have his minor child, John Seyen Malloy, removed from the property located at 11509 Pampas Drive, New Port Richey, Florida, within 30 days from the date of this Judgment, such property more particularly described as follows:

Lot 52, Arborwood at Summertree, according to the Plat thereof recorded in Plat Book 22, pages 50 through 63, of the Pasco County Public Records.

2. Defendant, Vincent Malloy, is further ordered to comply with the existing restrictions in the Declaration of Covenants, Conditions, and Restrictions for Arborwood at Summertree, which prohibit minor children from residing in or occupying any of the properties operated or managed by the Association for more than 30 days in any twelve-month period. In order to comply with this restriction, no minor child shall be permitted to reside in Defendant Vincent Malloy's home for the eleven months after the date that his minor child moves from the property, since such child has been continuously residing in the property for the past several months.

3. The Court reserves jurisdiction over the Association's request for an award of attorney's fees and costs. If the parties cannot agree as to

reasonable costs and fees, a hearing shall be scheduled in connection with this issue.

4. The Court otherwise reserves jurisdiction to enforce the terms of this judgment, and to enter such further orders as may be appropriate under the circumstances.

ORDERED AND ADJUDGED in New Port Richey, Pasco County, Florida this 2nd day of May, 1989.